UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALFA PHARMA LLC,<br><br>                    Plaintiff(s),<br><br>          v.<br><br>RRKS INTERNATIONAL GROUP LLC, et al.,<br><br>                    Defendant(s). | CASE NO. C24-2119-KKE<br><br>ORDER GRANTING PLAINTIFF'S *EX PARTE* REQUEST FOR EXPEDITED DISCOVERY |

According to the complaint in this action, Plaintiff AlfaPharma LLC ("ALFA") entered into a contract with Indian corporation Defendant RRKS Exim Pvt. Ltd. ("RRKS"), for the sale of one million surgical masks from RRKS to ALFA. Dkt. No. 1 ¶ 9. ALFA alleges that it wired hundreds of thousands of dollars to Defendant Rosamaria Peralta, an RRKS principal, so that she would secure the masks for export to ALFA. *Id*. ¶¶ 10–11. According to ALFA, Peralta did not use the wired funds for that purpose and ALFA never received the masks or heard from Peralta again. *Id*. ¶ 14; Dkt. No. 11 at 3.

ALFA filed this lawsuit against Peralta and RRKS, as well as RRKS principal Charan Prasant and RRKS International Group LLC (a Florida entity), asserting that Peralta, Prasant, and RRKS acted as promoters for RRKS International Group. Dkt. No. 1 ¶¶ 9–10. ALFA served Peralta, but she did not appear and the Court entered an order of default against her. Dkt. No. 14. The Court noted that ALFA had not apparently yet served any of the other Defendants, and ordered

ORDER GRANTING PLAINTIFF'S EX PARTE REQUEST FOR EXPEDITED DISCOVERY - 1

ALFA to show cause why its claims against the other Defendants should not be dismissed for failure to prosecute. Dkt. No. 10.

ALFA filed a timely response to that order, requesting leave to seek expedited discovery in order to gather information that will allow it to serve the other Defendants. Dkt. No. 11. ALFA hired an investigator to obtain information about Peralta and the other Defendants "to aid in executing on a potential judgment and to locate them and any co-conspirators." Dkt. No. 11 at 4 (citing Dkt. No. 12 at 26–33). Based on the lack of information available to the investigator, ALFA seeks to issue subpoenas to Peralta's bank and other banks where money from Peralta's account was sent, along with all U.S. entities Peralta is involved with (which includes RRKS International Group). *Id.* at 8. ALFA contends that these subpoenas will allow it to locate and serve the other Defendants and determine whether any other individuals involved should be named as Defendants, and to determine the scope of Defendants' scheme to defraud ALFA. *Id*. ALFA offered to file a status report no later than August 29, 2025, describing its efforts to locate and serve the other Defendants. *Id.* at 6.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Federal Rule of Civil Procedure 26(d)(1). Here, because only one Defendant has been served and has failed to appear, ALFA has not been able to confer with any Defendant, and therefore seeks an order from this Court authorizing expedited discovery.

The Ninth Circuit applies a "good cause" test to determine whether expedited discovery is warranted. "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

ORDER GRANTING PLAINTIFF'S EX PARTE REQUEST FOR EXPEDITED DISCOVERY - 2

The Court finds good cause to permit expedited discovery here. "Courts routinely allow early discovery for the limited purpose of identifying defendants on whom process could not otherwise be served." *Amazon.com, Inc. v. Yong*, No. 21-170RSM, 2021 WL 1237863, at *2 (W.D. Wash. Apr. 2, 2021) (collecting cases). ALFA has unsuccessfully attempted to locate the unserved Defendants and without more information about their activities and whereabouts, may not be able to serve them with process. *See* Dkt. No. 12 ¶ 2. The subpoenas ALFA identifies with specificity are reasonably calculated to yield information that could be used for this purpose. *See* Dkt. No. 12 at 26–33. ALFA's need for this information outweighs any prejudice to either Peralta, who has failed to appear, or to the other Defendants, who have not yet been served.

Accordingly, the Court GRANTS ALFA's *ex parte* request for expedited discovery, as to the specific entities identified in ALFA's request. ALFA may issue subpoenas to:

(1) Regions Bank, requesting (a) bank statements from the date of the transfer to present, including account-transfer information to understand where the money ALFA sent to Peralta was sent, and (b) account-holder information and agreements—as necessary; and

(2) RRKS International Group LLC; Urubrasusa Inc.; Urubras-USA Group Inc.; Atlantic Beverage Solutions Inc.; Global Providers Services; Pimaro Corporation; Ibusa, LLC; Going Global Trading Inc.; Elite Import & Export Inc.; and Elite Unlimited Inc.; requesting (i) a list of members or shareholders; and (ii) shareholder agreements, LLC agreements, and other operating documents.

To the extent ALFA discovers new information warranting additional subpoenas, it may file a supplemental motion for expedited discovery with information supporting its request. The Court further ORDERS ALFA to file a status report no later than August 29, 2025, detailing its

ORDER GRANTING PLAINTIFF'S EX PARTE REQUEST FOR EXPEDITED DISCOVERY - 3

efforts to locate and serve the other Defendants.  The Court hereby DISCHARGES the order to show cause.

Dated this 2nd day of June, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge